Freeman, J.,
delivered the opinion of the court:
This is a petition for a certiorari to remove an action of forcible and unlawful detainer, pending at the time- for trial before three 'justices of the peace for Rutherford county. The case not having been tried, the petitioner filed bis petition, alleging substantially that the questions of law and fact involved in said suit were of a complicated and difficult- character, setting out the facts showing this to be the case. Tie claims that justices of the peace are not competent to solve such questions, and their decisions would have to he reviewed anyway in a higher court; and, further, that by our law he may he compelled to yield possession during the pendency of an appeal, although the decision may.be wrong. Tor these reasons he asks that.the case be brought at once to the circuit court, and there tried, and this under the oath for ])oor persons without giving bond. *37 Tbe circuit judge dismissed tbe petition,, and we think correctly.
We need not go into an examination of tbe offices of tbe writ of certiorari in England. Its uses have been sufficiently defined by our statutes and decisions for tbe settlement of this case.
By tbe constitution of 1834, art. 6, sec. 10, it is as provided: “Tbe writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded tbe jurisdiction conferred, or is acting illegally, w-hen, in tbe judgment of tbe court, there is not other plain, speedy, or adequate, remedy.” [The language quoted is taken from tbe Code (1858), sec. 3123, Shannon’s Code, sec. 4853, and not from tbe constitution.]
In tbe constitution of 1870, art. 6, sec. 10, this provision is embodied in tbe following language: “Tbe judges or justices of inferior courts of law and equity shall have power, in civil cases, to issue writs of certiorari to remove any cause, or tbe transcript of tbe record thereof from any inferior jurisdiction in such court of law, on sufficient cause shown, supported by oath or affirmation.” Tbe various causes for which tbe writ may be granted are found in tbe Code, 3124 [Shannon’s Code, sec. 4854], and perhaps other sections, and tbe decisions of our court on tbe subject will be found collected in tbe notes to this section in Thompson & Sieger’s edition of tbe Code [also Shannon’s Code, sec. 4854]. We need but say that no statute or decision of our court would authorize tbe use of tbe writ sought in this case. Tbe legislature has conferred jurisdiction over tbe case in tbe first instance, on three justices of the peace. [Before a single justice since tbe act of 1879, cb. 23. See Shannon’s Code, secs. 5095 and 5105.] Tbe appeal or certiorari in proper cases is given as tbe remedy for revising this action and tbe terms prescribed on which these remedies can be bad. It certainly can be no proper cause for *38 depriving this tribunal of its lawful jurisdiction to state as an opinion, or even show by facts, that the case is one of difficulty and complication, and, therefore, in the opinion of petitioner, one which the tribunal authorized by law is not competent to do what the law has authorized it to do. This is a matter to be addressed to- the legislature, not to the judgment of the circuit court. The case in 1 Tenn. Rep., 62, does not sustain the petition in this case. In that case a judgment had been rendered. The remark of one of the judges that our constitution seems to have designed that this writ should be a common remedy as well before as after trial, upon sufficient cause shown by affidavit, may not be wholly incorrect, and probably there may be cases where it could be used before trial, but tve cannot call up such a case at present, yet this case is certainly not a case that can demand such an extraordinary proceeding. The case was properly commenced before a tribunal having jurisdiction conferred by law, Avas pending for trial, and when tried the means of revision ample and of easy use pro Added under our statutes. The fact that the party might, on certain contingencies, be turned out of possession, is no just ground for the proceeding. The circuit court certainly has no power to enable any man to evade a plain enactment of the legislature. Without further discussion, AA'e affirm the judgment of the circuit court. Dismiss the petition.